HAYNES H. CHILSON *vs.* JOHN ADAMS, Administrator.

It is no ground for relieving an assignee of an insolvent debtor or his sureties from paying to the creditors a dividend ordered by the commissioner of insolvency, that the sum to be divided consists of purchase money received for land of the debtor, sold by the assignee with full covenants of warranty, which money, by reason of a failure of the title, the assignee has become liable to refund to the purchaser.

ACTION OF CONTRACT upon a bond executed by Thaddeus K. DeWolf as principal, and the defendant's intestate as surety, and conditioned that the principal should faithfully perform the duties of assignee of a certain insolvent debtor. The breach assigned was his neglect to pay the amount of dividends ordered by the commissioner to a certain creditor of said debtor, who indorsed the writ.

The defendant submitted to a default, and prayed a hearing in chancery, relying for his defence upon the following facts: The amount stated in the final account of said assignee, which constituted the fund ordered to be distributed, was made up, in part, of the price received for lands in Vermont sold and conveyed by the assignee with full covenants of warranty. Since the dividend was declared, the assignee has had notice, from the

purchaser, of a better title, to enforce which a suit has been commenced, and is liable on his warranty to refund the purchase money. These facts have been stated to the commissioner in a petition praying him to revise his order and reduce the dividend accordingly, which petition has been continued to await the decision of the court in this case.

The parties agreed that if these facts constituted any ground for reducing the amount of the dividend, either on this hearing, or by proceeding with the petition before the commissioner, or by a summary application to this court under *St.* 1838, *c.* 163, § 18, the defendant, in the proper form, should have the benefit of them; otherwise, judgment should be rendered for the plaintiff for the full amount of the dividends.

*R. A. Chapman*, for the defendant.

*S. T. Spaulding*, for the plaintiff.

DEWEY, J. The *St.* 1844, *c.* 178, § 11, obliging the assignee of an insolvent debtor to give a bond for the faithful discharge of his duties, whenever required by a majority in value of the creditors who have proved their claims, provides that the same shall enure to the benefit of such creditors, and may be prosecuted in the manner provided by law for the prosecution of bonds given to judges of probate by administrators or executors. The subsequent *St.* of 1853, *c.* 116, requires such bond to be given upon the application in writing of any creditor who shall have proved his claim, said bond to enure to the purposes, and to be enforced as provided by the previous statute above cited.

The analogy between the cases of a bond given by the administrator of a deceased insolvent, and that given by an assignee of an insolvent debtor, seems to be distinctly recognized and adopted by the statute, as was obviously proper from the nature and similarity of the two cases. *Chapin* v. *Avery*, 4 Gray, 288. These later statutes were adopted, the more effectually to carry into effect the provisions of the *St.* of 1838, *c.* 163, §§ 12, 13, requiring the assignee to render his accounts of receipts from the assets of the insolvent, and payments by him made; and an order from the commissioner,

31*

declaring a dividend among the creditors in proportion to their respective debts.

The facts reported show the ordinary proceedings under the statute, by the rendition of such accounts by the assignee of the amount of funds in his hands for distribution among the creditors, and an order of the commissioner declaring a dividend to be paid therefrom. The case presented is that of an assignee holding funds under such order requiring payment to the creditor who has instituted this action, of his proportionate share of the same. It is quite clear that this order of the commissioner, while it remains in force, is conclusive as to the right of the creditor to maintain this action to recover the amount of his dividend. It is well settled that a creditor of a deceased insolvent debtor, after a rendition of accounts by the administrator, and a decree declaring a dividend and ordering payment of the same to the creditors, may institute a suit upon the bond of such administrator for the amount of his dividend. *Newcomb* v. *Williams*, 9 Met. 536.

Upon this state of the facts, the court are clearly of opinion that judgment must be rendered for the benefit of the creditor for the amount of his dividend as declared by the commissioner.

The further inquiry is, whether the case should be ordered to be further delayed to await the result of an application to the proper tribunal to set aside the order of the commissioner declaring a dividend among the creditors, upon the ground that a portion of the receipts by the assignee, as returned in his account rendered to the commissioner, was the avails of certain real estate supposed by him to be held by the debtor under an indefeasible title, and sold and conveyed by the assignee with full personal covenants of warranty of the title; whereas, in fact, it can now be made to appear that the same was not the property of the insolvent, and an action to recover the same has been brought by the real owner against the purchaser, and the assignee has been summoned to take notice thereof, and will be held responsible on his cove-nants of warranty.

Without entering upon the question whether under any cir

cumstances it would be competent for the commissioner, at a period subsequent to the meeting at which he made the order for a dividend, to set aside such order, upon the petition of the assignee, and with due notice to the creditors; but considering the question as arising upon an application for relief, duly made to this court, under the *St.* of 1838, *c.* 163, § 18; yet we are of opinion that no sufficient cause is stated, to warrant this court to set aside the order of the commissioner declaring this dividend, and to require him to allow the assignee to restate his account and exclude therefrom the amount he received for the land which he sold as the land of the insolvent.

It would be a sufficient objection to the present allowance of such a claim in behalf of the assignee, that he has not yet been held liable upon his covenants of warranty, however it may be hereafter; nor has he repaid to the purchaser the amount he thus received for the land, nor does it appear that he will ever do so. *Shearman* v. *Akins*, 4 Pick. 283.

But we put the decision of the present case upon broader grounds. The covenants of warranty, made by the assignee, were on his part entirely voluntary, and constituted no part of his official duty. They should not have been made without full knowledge of the state of the title, and a willingness on his part to take a personal responsibility therefor. It was an act of guaranty, operating for the incidental benefit of others, but for which he has no more legal claim for indemnity, than any third person who might have volunteered to give such warranty to ensure a more ready and beneficial sale. If it is to be allowed in the present case, as a sufficient reason to set aside the order declaring a dividend, it should equally be allowed in all similar cases of sales of real estate by administrators of deceased insolvents. Great practical evils would result from yielding to such applications, as they must necessarily postpone the settlement of estates, and delay the creditors in enforcing their just claims.

The assignee having no occasion to give personal covenants of warranty of title, upon a sale made by him of the debtor's interest in real estate supposed to belong to him, the fact of failure of title, and a future liability on the part of the assignee

to be made responsible therefor by reason of having given his personal covenants of warranty, cannot avail such assignee, in an action by a creditor to secure a dividend duly ordered by the commissioner upon the basis of an account rendered by the assignee, charging himself, among other items, with the avails of the real estate thus sold by him with covenants of warranty.

The fact that the present action is against the surety in the bond does not affect the result. The surety was equally affected by the order of the commissioner directing the payment of the dividend. *Heard* v. *Lodge*, 20 Pick. 53.

*Judgment for the plaintiff.*